BESOSA, District Judge
Before the Court is defendant Nelson Rivera-Maldonado ("Rivera")'s motion to compel the United States to disclose information regarding transfer from the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico to the Federal Detention Center ("FDC") in Miami, Florida and subsequent custodial interrogation. (Docket No. 953.) For the reasons set forth below, Rivera's motion is DENIED.
I. Background
Rivera is among the 104 defendants charged with drug and firearms-related offenses stemming from their purported membership in "Los Menores," an alleged drug trafficking organization based in Bayamón, Puerto Rico. (Docket No. 3.) Rivera and 12 of his co-defendants stand charged with death penalty-eligible offenses.[1] (Docket No. 8 at p. 1.)
Law enforcement officers arrested Rivera on February 21, 2018. (Docket No. 542.) At Rivera's arraignment, the magistrate judge appointed counsel for Rivera pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and ordered that Rivera remain detained pending further proceedings. (Docket Nos. 453 & 453.)[2] The United States Marshals Service ("USMS") placed Rivera and many of his co-defendants at MDC. On March 7, 2018, Rivera entered a plea of not guilty. (Docket No. 537.) The USMS later transferred Rivera and other defendants from MDC to FDC. (Docket No. 1061 at p. 1.)
Rivera alleges that "unknown government agents" at the FDC subjected him to custodial interrogation "concerning matters that would appear to fall within the scope of the current indictment." (Docket No. 953 at p. 3.) Citing violations of the Fifth and Sixth Amendments of the United States Constitution, Rivera requests that the Court compel the United States to "immediately provide any and all information about his transfer out-of-district and subsequent custodial interrogation." Id. at p. 12. Rivera stated that "[t]hrough their respective counsel, defendants Sadid Medina-Rivera, Luis Ayala-García, Ángel Cruz-Vásquez, Miguel Martínez-Candelaria, and Juan Rivera-Serrano" join his motion to compel. (Docket No. 953 at p. 2.) Subsequently, 19 additional defendants joined Rivera's motion to compel.[3] In sum, *551 twenty-five defendants seek information regarding transfer to the FDC and the purported custodial interrogations that followed.
In response to Rivera's motion to compel, the United States disclosed that "an unrelated investigation regarding the allegations raised by the defendants is currently ongoing and separate from the instant case." (Docket No. 1061 at p. 3.) The United States assigned an Assistant United States Attorney not involved with this criminal action to investigate the allegations set forth in Rivera's motion to compel. Id. After investigating the allegations set forth in Rivera's motion to compel, the United States disclosed that officials from the Bureau of Prisons ("BOP") questioned the defendants. (Docket No. 1072 at p. 3.) This questioning was prompted by a bomb threat against a plane departing from the airport in San Juan, Puerto Rico on or around the same date that the USMS scheduled the transfer of defendants from the MDC to the FDC. Id. Officials received the bomb threat via an anonymous e-mail that referenced the Department of Justice press release regarding the indictment pending against the defendants. Id. The defendants denied possessing any knowledge of explosives. Id. Significantly, no questions asked of the defendants concerned the offenses charged in the indictment. Id.
Rivera presents three arguments in support of his motion to compel. (Docket No. 953.) First, Rivera maintains that the investigation conducted by BOP officials contravened the Sixth Amendment because he "was under a federal capital indictment and is represented by two counsel when he was interrogated by government agents." (Docket No. 953 at p. 6.) Second, Rivera asserts that questions regarding his familiarity with explosives violated the Fifth Amendment because he "asked to contact and to be able to consult with his attorneys." (Docket No. 953 at p. 9.) Finally, Rivera contends that disclosure of information regarding his transfer to the FDC is required pursuant to Federal Rule of Criminal Procedure 12(b)(1) (" Rule 12"), Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Rivera's arguments are unavailing.
II. Discussion
A. The Sixth Amendment
Rivera emphasizes the essential protections enshrined in the Sixth Amendment. Rivera, and all the defendants in this criminal action, "shall enjoy the right [...] to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel "attaches only upon the initiation of adversary judicial criminal proceedings against the defendant, and thereafter the right applies to all critical stages of the prosecution, before, during and after trial." Roberts v. State of Me., 48 F.3d 1287, 1290 (1st Cir. 1995). Once the Sixth Amendment protections are triggered, government officials must refrain *552 from interrogating the defendant unless he is assisted by counsel. See United States v. Leon-Delfis, 203 F.3d 103, 110 (1st Cir. 2000) (noting that "after arraignment, 'government efforts to elicit information from the accused, including interrogation, represent critical stages at which the Sixth Amendment applies.' ") (quoting Michigan v. Jackson, 475 U.S. 625, 629, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986) ). That a defendant may be represented by counsel in connection with a criminal prosecution, however, does not categorically preclude law enforcement officers from posing any question to that defendant. The Supreme Court's decision in McNeil v. Wisconsin is dispositive. 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991).
McNeil involved a defendant who was detained while awaiting trial on an armed robbery. Id. at 171, 111 S.Ct. 2204. While in custody, law enforcement officers questioned the defendant regarding a murder and armed burglary, not the armed robbery for which he was detained. Id. The defendant confessed to the murder and armed burglary. Id. On appeal, the defendant argued that because counsel represented him in the armed robbery matter, "any subsequent waiver of that right during police-initiated questioning regarding any offense was invalid." Id. at 174, 111 S.Ct. 2204. The Supreme Court affirmed the defendant's conviction, holding that "the Sixth Amendment right [...] is offense specific." Id. Assistance of counsel "cannot be invoked once for all future prosecutions." Id.
Rivera sets forth no allegations that BOP officials questioned him regarding the offenses alleged in the indictment.[4] (Docket No. 953.) Rather, Rivera alludes to "matters that would appear to fall within the scope of the current indictment." Id. at p. 3. Based on the United States' representations, however, the questions asked by BOP officials concerned matters separate and distinct from the offenses charged in the indictment. Because the defendants were questioned regarding matters falling outside the scope of the indictment, their right to assistance of counsel pursuant to the Sixth Amendment had not attached. See United States v. Coker, 433 F.3d 39, 47 (1st Cir. 2005) ("The state and federal offenses in Coker's case were thus different offenses for Sixth Amendment purposes and Coker's right to counsel had not attached to the uncharged federal offense when he was interviewed by the federal agents."); see also United States v. Reyes, 434 F.Supp.2d 58, 66 (D. Mass. 2006) ("Thus, [the defendant's] argument that the statements he made following his arrest on the federal complaint should be suppressed because they were elicited in the absence of counsel after [the defendant] had been appointed counsel on the state charges fails as a matter of law" pursuant to the Sixth Amendment). Consequently, the Sixth Amendment cannot substantiate Rivera's motion to compel.
B. The Fifth Amendment
The Fifth Amendment protects individuals from being compelled to be witnesses against themselves in any criminal case. U.S. Const. Amend. V. Statements obtained in violation of a defendant's Fifth Amendment right may be excluded at trial. See United States v. Verdugo-Urquidez, 494 U.S. 259, 264, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990) ("The privilege against self-incrimination is a fundamental trial right of criminal defendants. Although conduct by law enforcement officials prior to trial may ultimately impair that right, a *553 constitutional violation occurs only at trial.") (internal citations omitted).
At this juncture, it is premature to conclude that the Fifth Amendment entitles defendants to discovery pertaining to uncharged conduct that is the subject of an ongoing criminal investigation. Indeed, the United States is not seeking to introduce at trial any statements made by Rivera or his co-defendants in response the BOP officials' questions. Should the BOP's investigation culminate in a criminal prosecution, the defendants may raise objections pursuant to the Fifth Amendment at that time.
C. Other Proffered Reasons to Compel Discovery
In his motion to compel, Rivera argues in a perfunctory manner that he is entitled to the requested discovery pursuant to Rule 16, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Rivera fails to establish how information concerning uncharged conduct that has no bearing on the charges the defendants face in this criminal action, and which remains under investigation, is material to the defense pursuant to Rule 16. Because the argument is undeveloped, the Court need not consider its merits. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).
III. Conclusion
For the reasons expressed above, the Court DENIES Rivera's motion to compel the United States to disclose information regarding transfer from the MDC in Puerto Rico to the FDC in Florida, and subsequent custodial interrogation. (Docket No. 953).
IT IS SO ORDERED.

The thirteen death penalty-eligible defendants are: (1) Sadid Medina-Rivera, (3) Yamil Vázquez-Rivera, (8) Luis G. Ayala-García, (12) Giovanni Ortiz-Soto, (13) Richard A. Franco-Pérez, (14) Wilfredo Rojas-Suárez, (23) George M. Franco-Pérez, (24) Nelson Rivera-Maldonado, (29) Ángel R. Cruz-Vázquez, (31) Miguel A. Martínez-Candelaria, (46) Abimael Narváez-Rosa, (54) Nelson González-González, and (87) Juan E. Rivera-Serrano. (Docket No. 3.)

This Court appointed Amy Jacks to serve as learned counsel for Rivera on February 38, 2018. (Docket No. 485.) Laura Maldonado-Rodríguez is Rivera's local counsel.

The following defendants joined Rivera's motion to compel: (1) Samuel Arce-Ayala, (2) Nasain Ortiz-Nieves, (3) Jorge Molina-Larrion, (4) Juan Freites-Torres, (5) Luís Ortiz-Olivera, (6) Angelita Bravo-García, (7) Abimel Narváez-Rosa, (8) Héctor Martínez-García, (9) Jeremy Barreto-Berrios, (10) Jose Ortiz-Olivera, (11) Héctor Quintana-Figueroa, (12) Carlos Santos-Vélez, (13) Jaime Henríquez-Santiago, (14) Juan Vélez-Cedeno, (15) José Nieves-Ramos, (16) Ángel Pagan-Torres, (17) Giovanni Ortiz-Soto, (18) Carlos López-Orria, (19) Félix J. Ortiz. (Docket Nos. 955, 963, 969, 980, 982, 985, 987, 995, 996, 997, 1000, 1001, 1008, 1013, 1022, 1033, 1037, 1041 & 1048.) In the interest of brevity, the Court refers to all motions to compel as "Rivera's motion."

Neither do any of the other defendants who joined Rivera's motion. They just parrot the general allegations that Rivera makes in his motion.